IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **U'R THERE SPORTS INTELLECTUAL PROPERTY, LLC.,**<br><br>Plaintiff,<br><br>v.<br><br>**NASCAR DIGITAL MEDIA, LLC.**<br><br>Defendant. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which U'r There Sports Intellectual Property, LLC ("U'r There" or "Plaintiff") makes the following allegations against NASCAR Digital Media, LLC. ("NASCAR" or "Defendant").

### PARTIES

1. Plaintiff U'r There is a Pennsylvania limited liability company, with its principal place of business located at 1229 Laurel Oak Lane, York, Pennsylvania.

2. On information and belief, Defendant NASCAR is a limited liability company organized under the laws of the State of North Carolina with its principal place of business at 550 S Caldwell St, Ste 2000, Charlotte, NC 28202-2634.

## JURISDICATION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, has committed and/or induced acts of patent infringement in this district and has a regular and established place of business in this Judicial District.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina's Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in North Carolina and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,106,360

6. Plaintiff is the owner by assignment of United States Patent No. 7,106,360 ("the '360 Patent") titled "Method For Distributing Sports Entertainment." The '360 Patent issued on September 12, 2006. A true and correct copy of the '360 Patent is attached as Exhibit A.

7. Upon information and belief, Defendant directly or through intermediaries has been and is now infringing the '360 Patent in the State of North Carolina, in this judicial district, and elsewhere in the United States, by, making, using, providing, supplying, distributing, selling, and/or offering for sale products and/or systems (including at least its website at www.nascar.com/drive) that include distributing video images and audio signals of a race car competition from various perspectives and various participants including to end users thus infringing one or more claims of the '360 Patent. The '360 Patent reads on the NASCAR Drive product as set forth in the exemplary claim chart attached as Exhibit B.

8. Upon information and belief and in view of the foregoing, Defendant has been and is continuing to directly infringe, literally infringe, and/or infringe the '360 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '360 Patent pursuant to 35 U.S.C. § 271.

9. As a result of Defendant's infringement of the '360 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '360 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,956,892

10. Plaintiff is the owner by assignment of United States Patent No. 7,956,892 ("the '892 Patent") titled "Method For Distributing Sports Entertainment." The '892 Patent issued on June 7, 2011. A true and correct copy of the '892 Patent is attached as Exhibit C.

11. Upon information and belief, Defendant directly or through intermediaries has been and is now infringing the '892 Patent in the State of North Carolina, in this judicial district, and elsewhere in the United States, by, making, using, providing, supplying, distributing, selling, and/or offering for sale products and/or systems (including at least its website at www.nascar.com/drive) that include distributing video images and audio signals of a race car competition from various perspectives and various participants including to end users thus infringing one or more claims of the '360 Patent. The '892 Patent reads on the NASCAR Drive product as set forth in the exemplary claim chart attached as Exhibit D.

12. Upon information and belief and in view of the foregoing, Defendant has been and is continuing to directly infringe, literally infringe, and/or infringe the '892 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '892 Patent pursuant to 35 U.S.C. § 271.

13. As a result of Defendant's infringement of the '892 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs

4

as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '892 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,436,903

14. Plaintiff is the owner by assignment of United States Patent No. 8,436,903 ("the '903 Patent") titled "Method For Distributing Sports Entertainment." The '903 Patent issued on May 7, 2013. A true and correct copy of the '903 Patent is attached as Exhibit E.

15. Upon information and belief, Defendant directly or through intermediaries has been and is now infringing the '903 Patent in the State of North Carolina, in this judicial district, and elsewhere in the United States, by, making, using, providing, supplying, distributing, selling, and/or offering for sale products and/or systems (including at least its website at www.nascar.com/drive) that include distributing video images and audio signals of a race car competition from various perspectives and various participants including to end users thus infringing one or more claims of the '360 Patent. The '903 Patent reads on the NASCAR Drive product as set forth in the exemplary claim chart attached as Exhibit F.

16. Upon information and belief and in view of the foregoing, Defendant has been and is continuing to directly infringe, literally infringe, and/or infringe the '903

5

Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '903 Patent pursuant to 35 U.S.C. § 271.

17. As a result of Defendant's infringement of the '903 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '903 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 8,638,368

18. Plaintiff is the owner by assignment of United States Patent No. 8,638,368 ("the '368 Patent") titled "Method For Distributing Sports Entertainment." The '368 Patent issued on January 28, 2014. A true and correct copy of the '368 Patent is attached as Exhibit G.

19. Upon information and belief, Defendant directly or through intermediaries has been and is now infringing the '368 Patent in the State of North Carolina, in this judicial district, and elsewhere in the United States, by, making, using, providing, supplying, distributing, selling, and/or offering for sale products and/or systems (including at least its website at www.nascar.com/drive) that include distributing video

images and audio signals of a race car competition from various perspectives and various participants including to end users thus infringing one or more claims of the '360 Patent. The '368 Patent reads on the NASCAR Drive product as set forth in the exemplary claim chart attached as Exhibit H.

20. Upon information and belief and in view of the foregoing, Defendant has been and is continuing to directly infringe, literally infringe, and/or infringe the '368 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '368 Patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendant's infringement of the '368 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '368 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '360, '892, '903 and '368 Patents;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all

7

others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of '360, '892, '903 and '368 Patents, or such other equitable relief the Court determines is just and proper;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '360, '892, '903 and '368 Patents as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, U'r There requests a trial by jury of any issues so triable by right.

DATED December 13, 2017.

Respectfully submitted,
/s/Lance A. Lawson
Lance A. Lawson, Esq.
North Carolina Bar No. 23835
llawson@mcnair.net
The McNair Law Firm, PA
101 South Tryon Street, Suite 2610
Charlotte, NC 28280
Tel: 704.347.1170
Fax: 704.444.9126

OF COUNSEL:
Louis M. Heidelberger (For Admission *Pro Hac Vice*)
Pennsylvania Bar No. 21569
Louis.heidelberger@gmail.com
**The Law Offices of Louis M. Heidelberger, Esq. LLC.**
1229 Laurel Oak LN
York, PA 17403
Tel: (215) 284-8910
Fax: (267) 388-3996

**ATTORNEYS FOR PLAINTIFF U'R THERE SPORTS INTELLECTUAL PROPERTY, LLC.**